UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | EP-13-CR-123-PRM |
| | ) | |
| WILLIAM MOSE TUCKER | ) | |

**MOTION TO REVIEW & REVOKE DETENTION ORDER**

WILLIAM MOSE TUCKER files this Motion pursuant to 18 U.S.C. § 3145(b), asking that this Court review and then revoke the detention order here, and order his pretrial release.

**Procedural Background**

On February 21, 2013, the Magistrate Court ordered Mr. Tucker detained based on a finding that there are no release conditions that can reasonably assure community safety. (Doc. # 19. The evidence does not support the Magistrate Couirt's order to deny bond.

Mr. Tucker now asks the Court to review the detention order under to 18 U.S.C. § 3145(b). The Court is to conduct a *de novo* hearing. *United States v. Reuben,* 974 F.2d 580, 585 (5th Cir. 1992), *cert. denied,* 507 U.S. 940 (1993); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Mr. Tucker is accused by indictment of violating 18 U.S.C. § 871, by stating to someone on September 1, 2012, in El Paso that he was going to shoot President Obama on inauguration day in 2013. He was indicted on January 16, 2013. The day before the president's inauguration he was arrested without incident in Lawton, Oklahoma.

**Relevant Facts**

Mr. Tucker is a 20-year-old U.S. citizen with no history of criminal convictions or even

1

arrests.  On January 20 he was arrested without incident in Lawton, Oklahoma. (Tr. 14.)[1] Originally from Pennsylvania, he moved to El Paso in 2011. (PSA report)  He resided briefly with a sister and brother-in-law, who was in the Army.  When the brother-in-law transferred out of El Paso, he moved in with different acquaintances in El Paso.  At the time of his arrest he had just begun a new job requiring travel to Oklahoma. (PSA report, Tr. 14) Since he had no stable domicile in El Paso, he proposed at the detention/bond hearing either to reside with family back in Pennsylvania or temporarily at Dismas Charities.

      Testimony at the detention hearing revealed that last year a source alleged to agents that Mr. Tucker had, on September 1, 2012, threatened to kill the President on inauguration day.[2] (Tr. 6)  FBI and Secret Service agents interviewed Defendant in El Paso in October and November of 2012, and again on January 10, 2013. (Tr. 7-8) Mr. Tucker denied making the threat or ever having any such intent or plan. *Id.*  He voluntarily answered agents questions and acknowledged that he had attended meetings of a group in El Paso called the "20th militia." *Id.*  The "militia" is a group already investigated by CID and FBI, and dismantled, consisting mostly of current and ex-military. (Tr. 6)

      During the January 10 interview, as Inauguration Day neared, Mr. Tucker voluntarily agreed to agents' request that he maintain periodic contact with them. (Tr. 8-9)  The agents gave him phone numbers to call. *Id.*  However, Mr. Tucker also told agents that he might soon be taking an out-of-town job selling magazine subscriptions. (Tr. 11, 18-19)  Soon thereafter he in

---

[1] References are to pages of the transcript of the February 21 detention hearing, on file herein as document entry 22, and to the Pretrial Services report.

[2] Mr. Tucker does not know what evidentiary details are behind the charge, since the warrant was based on an indictment and his counsel has not yet received discovery from the Government.

fact started that job, which led to travel to Lawton, Oklahoma. (PSA report, Tr. 11-12)

On January 14, 2013, four days later, Mr. Tucker voluntarily called the Secret Service office in Dallas from a borrowed area code # 301 phone to tell Secret Service agents he was in Oklahoma. (Tr. 9) Agents called the number back and with a phone search warrant or tracking team ultimately determined Defendant's location. (Tr. 9-11)

On January 16, unbeknownst to Mr. Tucker, he was indicted.

On January 20, the day before the inauguration, he was arrested in Lawton, Oklahoma, without incident. (Tr. 14) At the time of arrest, agents determined that he was with a group at a Quality Inn engaged in selling magazine subscriptions. *Id.* At the time and place of the arrest, agents searched diligently for, but failed to find on or near Mr. Tuckert any weapons, documents, plans, munitions, phone records, tools, etc. or other evidence of any kind tending to corroborate the charge in the indictment. (Tr. 14-15)

Pretrial Services interviewed Mr. Tucker and family members in Pennsylvania and in its report has recommended a $10,000 bond secured by a 5 % deposit.

## Argument

The Government must show by clear and convincing evidence that (1) Mr. Tucker poses a danger and (2) there exists no combination of conditions that will reasonably assure community safety. 18 U.S.C. § 3142(f)(2). The evidence fails to prove, even by a preponderance, that Mr. Tucker is dangerous.

Unfortunately, the mere nature of the accusation – a threat against a president – tends to heighten concerns for safety. Here, the Magistrate Court's finding reflects an exaggerated concern for safety that is not supported by evidence. First, this case entails no presumption to detain. § 3142(e)(3). Second, the threat was allegedly stated in September in the presence of one

person. (Tr. 21) Who this individual is, and whether (s)he is reliable, truthful, mistaken, etc., is unknown.

It is not clear whether there is any corroboration of the allegation that he ever uttered a theat to harm the President, unless one considers a brief unspecified association with the "20th militia" to be corroboration. There is no corroboration such as phone records, recordings, maps, documents, cash, weapons, tools, etc.

On the contrary, the day before inauguration, Mr. Tucker was in Oklahoma trying to sell magazines. He had told Secret Service on January 10 that he might be leaving town for that job. He followed up by contacting Secret Service on a borrowed phone on January 14. After he was arrested agents found absolutely no incriminating evidence on or near his person.

WHEREFORE, Mr. Tucker prays that he be released on bond.

Respectfully submitted,

MAUREEN FRANCO
Federal Public Defender

/s
William R. Maynard,
Asst. Federal Public Defender
Western District of Texas
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 4th day of March, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will sent notification of such filing to the following: Greg McDonald, Assistant U.S. Attorney, 700 E. San Antonio, 2nd Floor, El Paso, Texas 79901.

WILLIAM R. MAYNARD
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.  EP-13-CR-123-PRM |
| | ) | |
| WILLIAM MOSE TUCKER | ) | |

**RELEASE ORDER**

On the _____ day of _____, 2013, the Court considered the Defendant's motion to review the detention order herein.  After hearing the evidence, the court is of the opinion that the motion  should be GRANTED.  The Court hereby orders the release of William Mose Tucker on $10,000/5% bond upon the condition that he reside at Dismas Charities in El Paso, Texas, in accord with the rules of that institution.

SIGNED this _____ day of _____, 2013.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE